HUGH CRAYCRAFT *v.* J. T. RATCLIFF.

**Libel and Slander—Matter in Mitigation.**

Where an answer fails to deny the uttering of the words alleged, but avers that plaintiff had made statements prior to the taking of the depositions entirely different from the statements contained in the deposition, such statements should go to the jury on the ground of mitigation and not in justification.

APPEAL FROM CARTER CIRCUIT COURT.

April 8, 1873.

Opinion by Judge Pryor:

It is difficult to determine the character of the defense filed in this action. If the pleader intended to justify he should have alleged the scienter in regard to the false statements made in appellee's deposition as no crime could have existed, or perjury been committed unless these statements were made by the appellee, knowing that they were untrue. No denial is made of the publication of the words as alleged, or of the malice towards the plaintiff in uttering them. Nor is it alleged that the facts set up in the answer to the amended petition are pleaded in mitigation, and in fact the whole pleading seems to have been drawn with a view of seeing how near the pleader could make it a good answer in justification or mitigation and still leave it defective as a pleading on either ground. The Civil Code, by its provisions, however, permits not only the truth of the matter alleged to be pleaded, but any mitigating circumstances legally admissible in evidence to reduce the amount of damages. It is alleged in the petition that the defendant spoke the slanderous words with reference to the deposition of the plaintiff taken in a suit pending between one S. P. Ratcliff and Caswell Smith. The answer of the defendant to the original and amended petition fails to deny the uttering of the words alleged, but says, and as we are inclined to conclude by way of mitigation, that the plaintiff had made statements prior to this deposition entirely in conflict with the statements contained in it, and if so, we think this fact, if established, should have gone to the jury to be considered by them in mitigation and not in justification of the act complained of. The statements made under oath can not be shown to have been false upon testimony alone that the party had made different statements when not under oath, still such facts might be considered by the jury in mitigation of damages. For the reasons indicated the judgment is reversed and cause remanded with directions to award the appellant a new trial and for further proceedings consistent herewith.

*J. R. Botts, W. C. Ireland, for appellant.*

*Apperson & Reid, for appellee.*